IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Sean DeCrane<br><br>        Plaintiff,<br><br> vs.<br><br>Edward J. Eckart, Jr. et al.<br><br><br>        Defendants. | Case No. 1:16-cv-02647<br><br>Judge Christopher A. Boyko<br><br>Magistrate Judge William H. Baughman, Jr. |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Plaintiff Sean DeCrane respectfully requests, under Fed. R. Civ. P. 37(a) and L.R. 37.1, that this Court enter an order compelling Defendant City of Cleveland to designate and produce an adequately prepared Rule 30(b)(6) witness. A certification of Mr. DeCrane's efforts to confer and a memorandum in support are attached.

Respectfully submitted,

*/s/ Patrick Kabat*
Subodh Chandra (Ohio Bar No. 0069233)
Ashlie Case Sletvold (Ohio Bar No. 0079477)
Patrick Kabat (NY Bar No. 5280730)
Patrick Haney (Ohio Bar No. 0092333)
THE CHANDRA LAW FIRM LLC
The Chandra Law Building
1265 W. 6th St., Suite 400
Cleveland, OH 44113-1326
216.578.1700 Phone
216.578.1800 Fax
Subodh.Chandra@ChandraLaw.com
Ashlie.Sletvold@ChandraLaw.com
Patrick.Kabat@ChandraLaw.com
Patrick.Haney@ChandraLaw.com

*Attorneys for Plaintiff Sean DeCrane*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Sean DeCrane<br><br>   Plaintiff,<br><br> vs.<br><br>Edward J. Eckart, Jr. et al.<br><br><br>   Defendants. | Case No. 1:16-cv-02647<br><br>Judge Christopher A. Boyko<br><br>Magistrate Judge William H. Baughman, Jr. |
| **MEMORANDUM OF SUPPORT TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY** | |

**I. Issue presented**

>Rule 30(b)(6) requires an organization to designate an individual to testify on its behalf as to information known or reasonably available to it. Plaintiff identified with reasonably particularity various technology/document-retrieval topics for such testimony. But the City produced an unprepared witness largely unable to testify beyond personal knowledge. Should this Court require the City to designate an adequate 30(b)(6) witness?

**II. Introduction**

  Plaintiff Sean DeCrane moves in an abundance of caution under Local Rule 37.1(b), which requires motions to compel to be filed within ten days of the discovery cut-off date. Discovery closed on December 15, 2017. Despite Mr. DeCrane's good-faith efforts to resolve this dispute—which he was constrained to refer to this Court after Defendant City of Cleveland ignored his written correspondence until the day before the close of discovery—the City has still failed to designate a witness for continued and remedial Rule 30(b)(6) testimony on document retrieval.

Instead, the City has conditioned discussions about designating its witness upon its demands to limit the noticed topics. And though the City may have begun searching for potential designees on the eve of the Christmas holiday, it has provided no designation to date. Mr. DeCrane still hopes to persuade the City to meet its obligations and thus resolve this dispute before the conference scheduled for January 2, 2016 without troubling Magistrate Judge Baughman, but to avoid any risk of technical waiver under the local rules, he respectfully moves to compel the City to designate and adequately prepare a Rule 30(b)(6) witness.

**III.    Facts**

On August 16, 2017, Plaintiff Sean DeCrane served Defendant City of Cleveland with a notice of deposition under Rule 30(b)(6) seeking the City's testimony on efforts made to retrieve electronic communications in this lawsuit.[1] Consistent with the deposition schedule to which the parties agreed, this deposition was scheduled *first,* to permit further written discovery on electronic communications *before* other witnesses' testimony, and the close of discovery on December 15, 2017.

The City did not object to the notice, which was amended on October 27, 2017 once counsel had agreed to a firm date and time to take this testimony.[2] The City designated Donald Phillips for deposition on November 2, 2017 on all topics. But at his deposition, Mr. Phillips testified that he was unable to provide the City's knowledge on key noticed topics or time periods, and repeated that, on key areas of noticed inquiry, he

---

[1] *See* Notice to the City of Cleveland under R. 30(b)(6) (8/16/2017) (attached as Ex. 1).
[2] Pl. DeCrane's Revised Notice to the City of Cleveland under R. 30(b)(6) (10/27/2017) (attached as Ex. 2) (listed topics are identical to the original August 16, 2017 notice).

had no knowledge beyond his department or before his tenure (which began in the middle of the relevant time periods).³

On November 28, 2017, Mr. DeCrane submitted a detailed deficiency letter to the City, specifying the particular deficiencies and requesting a date and a designee to continue the deposition with an adequately prepared witness.⁴ Despite repeated requests for the City's cooperation,⁵ the City did not respond to that letter for over two weeks, finally responding on December 14 (the day before discovery closed).⁶ The City's "response" letter did not provide an answer, and purported to condition any designation on limits the City wished to impose on the notice.⁷

The City's lack of urgency in responding prejudiced Mr. DeCrane's reliance on the deposition schedule to which the parties agreed, and prevented timely informal resolution of his right to the City's testimony on the noticed topics.

---

³ *See* Doc. # 31-1, at 2–3 (letter of P. Kabat to D. Vance, Nov. 27, 2017) (citing relevant portions of deposition transcript of Donald Phillips (11/2/2017) (Doc. # 30-2)).

⁴ *Id*. at pp. 2–5.

⁵ *See, e.g.*, Doc. # 31-1 at p. 9 (letter of A. Sletvold to D. Vance, Dec. 5, 2017) ("We ask again that you inform us when we may continue that deposition with a witness who has been appropriately prepared to testify on the topics we identified on these subjects in the notice issued October 27, 2017. We have asked you several times for a date to continue this deposition, but haven not received a response regarding it from you."); *Id*. at p. 10 (email of P. Kabat to D. Vance, Dec. 9, 2017) ("Though you have repeatedly corresponded with us in the interim about your own demands, to which correspondence we have promptly responded, you still have neither answered nor acknowledged our request. Please confirm a date and time that we can continue the deposition of the City's 30(b)(6) witness on communications, or we will need to seek the Court's assistance."); *Id.* at p. 12 (email of P. Kabat to D. Vance, Dec. 12, 2017) ("We will need to raise the issue with the Court before the technical conclusion of fact discovery on Friday.").

⁶ Doc. # 31-1 at pp. 17–21 (letter of D. Vance to P. Kabat, Dec. 14, 2017).

⁷ *Id*.

Accordingly, on December 15, 2017, the discovery cut-off date, Mr. DeCrane notified the Court of the dispute.[8] The Court referred the dispute to the magistrate judge, who ordered the parties to appear on January 2, 2018 at 10:00 to meet and confer regarding the matter until a status conference that afternoon at 14:00.[9]

In the meantime, Mr. DeCrane continued to engage in good-faith negotiations, both by email and telephone calls, seeking the City's voluntary compliance in designating an appropriate witness.[10] But the City continued to refuse to designate a witness, making the same dilatory arguments and imposing the same improper conditions.[11]

Most recently, and again on the eve of a deadline of which it was apprised, the City has now withdrawn its assurance that it would answer Mr. DeCrane's repeated, explicit request for designated witnesses and deposition dates before the holiday.[12] It did not do so as promised, and its counsel now disputes that such assurance was provided.[13] The City continues to refuse to designate a deponent who can testify on these topics.

---

[8] *See* notice regarding discovery dispute (12/18/2017) (Doc. # 30) and corrected notice regarding discovery dispute (12/18/2017) (Doc. # 31)

[9] *See* non-document order referring dispute to magistrate judge (12/18/2017) and order on discovery dispute (12/20/2017) (Doc. # 33).

[10] Mr. DeCrane's continued good-faith negotiations are further memorialized in the chain of subsequent correspondence attached as Exhibit 3 to this motion.

[11] Ex. 3 at p. 4 (email of P. Kabat to D. Vance, Dec. 22, 2017) ("I have been clear that we consider your continuing refusal to provide a date inappropriate, and the conditions you have placed on your willingness to provide one improper.").

[12] *Id*. at p. 4–5 (email of P. Kabat to D. Vance, Dec. 22, 2017) ("I asked you specifically when you could provide your witness's availability. I did so not only because we've been trying for weeks to get a date from you, but also because, as you know, the deadline for filing any motions to compel is the 26th.").

[13] *Id.* at p. 4 (email of D. Vance to P. Kabat, Dec. 23, 2017).

Accordingly, Mr. DeCrane is forced to request that this Court compel the City to designate a Rule 30(b)(6) witness on the topics identified in the August 16, 2017 notice.

## IV. Law and argument

Under Fed. R. Civ. P. 37, a party may move for an order compelling discovery when, among other things, "a corporation or other entity fails to make a designation under Rule 30(b)(6)."[14]

A party must "perform a due diligent inquiry" to make such a designation.[15] Rule 30(b)(6) "is a discovery device designed to avoid the bandying by corporations where individual officers or employees disclaim knowledge of facts clearly known to the corporation," and "a corporation has an affirmative duty to provide a witness who is able to provide binding answers on behalf of the corporation."[16]

Accordingly, upon motion, courts may order municipal defendants to "produce a competent and prepared 30(b)(6) witness," a remedy that is "frequently invoked."[17]

---

[14] Fed. R. Civ. P. 37(a)(3)(B)(ii). In its motion to compel discovery, a party must certify that it has made a good-faith attempt to confer with the nonresponsive party "in an effort to obtain [discovery] without court action." Fed. R. Civ. P. 37(a)(1). Mr. DeCrane incorporates by reference his certification previously filed with the Court. *See* Doc. # 30 at 2–3.

[15] *Wheatt v. City of E. Cleveland*, No. 1:17-CV-377, 2017 WL 5483148, at *2 (N.D. Ohio Nov. 15, 2017).

[16] *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 688 (S.D. Fla. 2012) (providing systematic overview of Rule 30(b)(6) principles and consequences).

[17] *Wheatt*, 2017 WL 5483148, at *3 (ordering City of East Cleveland to comply with order of Magistrate Judge Baughman within seven days); Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2103 (3d ed.) ("One remedy frequently invoked when the witness initially designated is unable to provide adequate answers is to require that another witness be designated. But adamant refusal to prepare the witness invites sanctions . . .").

Here, the City failed to meet its obligation to provide an adequately prepared Rule 30(b)(6) witness on the noticed topics. It has only begun to identify witnesses after the close of discovery, and continues to resist its obligation to do so.

Mr. DeCrane has already been prejudiced by the City's failure to designate and produce an adequately prepared witness. Its continued failure to do so is inexcusable, and Mr. DeCrane moves this Court at this time to preserve his right to relief on this motion— and all other available remedies at law— and to enforce his right to an adequately prepared Rule 30(b)(6) witness.

## V. Conclusion

For the reasons stated above, Mr. DeCrane respectfully requests that this Court enter an order compelling the City to designate and produce a competent and prepared Rule 30(b)(6) on the topics identified in Mr. DeCrane's August 16, 2017 notice.

Respectfully submitted,

/s/ Patrick Kabat
Subodh Chandra (Ohio Bar No. 0069233)
Ashlie Case Sletvold (Ohio Bar No. 0079477)
Patrick Kabat (NY Bar No. 5280730)
Patrick Haney (Ohio Bar No. 0092333)
THE CHANDRA LAW FIRM LLC
1265 W. 6th St., Suite 400
Cleveland, OH 44113-1326
216.578.1700 Phone
216.578.1800 Fax
Subodh.Chandra@ChandraLaw.com
Ashlie.Sletvold@ChandraLaw.com
Patrick.Kabat@ChandraLaw.com
Patrick.Haney@ChandraLaw.com
*Attorneys for Plaintiff Sean DeCrane*

## CERTIFICATE OF SERVICE

I certify that the above document was filed using the ECF system, which will send notification to all counsel of record.

/s/ Patrick Kabat
*One of the attorneys for Plaintiff Sean DeCrane*