UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN DeCRANE, | ) | CASE NO. 1:16CV2647 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| EDWARD ECKART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Motion (ECF DKT #15) of Plaintiff Sean DeCrane for Leave to File Second Amended Complaint. For the following reasons, the Motion is granted.

## I. FACTUAL BACKGROUND

Plaintiff is a retired City of Cleveland Division of Fire Battalion Chief. He alleges that Assistant Safety Director Edward Eckart, along with James Votypka and Christopher Chumita, repeatedly retaliated against him based on the mistaken belief that Plaintiff disclosed to a reporter that a previous fire chief lacked the required continuing education to maintain his professional certification. Allegedly, the retaliation included: repeated failures to promote him; seizing the Fire Training Academy's records while Plaintiff served as Director of Training; making false allegations against him about deficient record-keeping; trying to have him criminally prosecuted; concocting false administrative charges against him; delaying a state audit that would have cleared him; relaying false information to the media; ignoring his emails and refusing to meet with him; trying to outsource training

activities; and trying to damage his reputation and career.

On October 31, 2016, Plaintiff filed a Complaint against the City, Eckart, Votypka and Chumita for: (1) First and Fourteenth Amendment Retaliation under § 1983; (2) False Light Invasion of Privacy (Eckart); and (3) a state-law claim for Intimidation under R.C. § 2921.03 (Eckart, Votypka and Chumita).

After the City dismissed the pending administrative charges, Plaintiff filed an Amended and Supplemental Complaint updating his allegations on January 31, 2017. Defendants answered.

On April 21, 2017, the individual Defendants moved for Partial Judgment on the Pleadings, arguing that the Intimidation claim against them cannot be maintained because Plaintiff did not plead that Defendants were charged with or convicted of the state-law crime of Intimidation. (ECF DKT #13).

Plaintiff has opposed the Motion for Partial Judgment on the Pleadings and has moved, on May 18, 2017, for Leave to File a Second Amended Complaint. (ECF DKT #15). Plaintiff seeks to add a claim for Civil Liability for Criminal Acts under R.C. § 2307.60.

Defendants oppose the Motion for Leave to Amend on the basis of futility, i.e., Eckart, Votypka, and Chumita have not been charged with, plead guilty to, or been convicted of any criminal offense related to this matter. They argue that ***absent such evidence***, a party cannot maintain a claim under Ohio Rev. Code § 2307.60.

## II. LAW AND ANALYSIS

**Motion to Amend**

Fed.R.Civ.P. 15(a)(2) reads in part, "The court should freely give leave [to amend] when justice so requires." However, this liberal amendment policy is not without limits. The Sixth Circuit has observed: "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir.2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)).

Delay, by itself, "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 800 (6th Cir.2002). In addition, when discovery is in the early stages, any prejudice from entertaining an amended pleading is minimal. Addressing the contention that an amendment might necessitate another dispositive motion, the Sixth Circuit also noted that "another round of motion practice ... does not rise to the level of prejudice that would warrant denial of leave to amend." *Morse*, 290 F.3d at 801.

"In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir.1994).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Cicchini v. Blackwell*, 127 F.App'x 187, 190 (6th Cir. 2005) citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 518 (6th Cir. 2001).

R.C. § 2307.60 provides:

> (A)(1) Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code.

Plaintiff's proposed Fourth Claim alleges that "Defendants Eckart, Votypka, and Chumita committed criminal acts, including but not limited to intimidation in violation of Ohio Rev. Code § 2921.03(A), which constitutes a third-degree felony under Ohio Rev. Code § 2921.03(B); "that Plaintiff "suffered injuries and losses to his person and property;" and that "Defendants Eckart, Votypka, and Chumita are liable to [Plaintiff] for reasonable attorneys' fees, court costs, and other expenses incurred in maintaining this civil action." (ECF DKT #15-1). This claim and the preceding four hundred paragraphs encompassing extensive factual recitations satisfy Rule 15's liberal amendment policy.

In the instant situation, the Court believes that all of the key factors to be considered weigh in favor of allowing Plaintiff to amend. Moreover, the Court acknowledges the well-settled principle that "federal courts have a strong preference for trials on the merits." *Clark v. Johnston,* 413 F.App'x 804, 819 (6th Cir. 2011). Defendants' own briefing contends that Plaintiff lacks ***evidence*** that the individual Defendants were ever charged or convicted of the criminal offense of Intimidation. Thus, the dispute over the viability of Plaintiff's claim is more appropriately addressed through dispositive motion practice and not at the pleading stage of the litigation.

### III. CONCLUSION

Therefore, the Motion (ECF DKT #15) of Plaintiff Sean DeCrane for Leave to File Second Amended Complaint is granted. Plaintiff shall file his amended pleading on or before March 1, 2018. In light of this ruling, the Motion (ECF DKT #13) of Defendants for Partial Judgment on the Pleadings is denied as moot.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: February 16, 2018**