# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SEAN DeCRANE, | ) | CASE NO. 1:16CV2647 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| EDWARD ECKART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #20) of Plaintiff, Sean DeCrane, to Certify a Question of Ohio Law to the Ohio Supreme Court. For the following reasons, the Motion is denied.

## I. FACTUAL BACKGROUND

Plaintiff is a retired City of Cleveland Division of Fire Battalion Chief. He alleges that Assistant Safety Director Edward Eckart, along with James Votypka and Christopher Chumita, repeatedly retaliated against him based on the mistaken belief that Plaintiff disclosed to a reporter that a previous fire chief lacked the required continuing education to maintain his professional certification. Allegedly, the retaliation included: repeated failures to promote him; seizing the Fire Training Academy's records while Plaintiff served as Director of Training; making false allegations against him about deficient record-keeping; trying to have him criminally prosecuted; concocting false administrative charges against him; delaying a state audit that would have cleared him; relaying false information to the media; ignoring his emails and refusing to meet with him; trying to outsource training

activities; and trying to damage his reputation and career.

On October 31, 2016, Plaintiff filed a Complaint against the City, Eckart, Votypka and Chumita for: (1) First and Fourteenth Amendment Retaliation under § 1983; (2) False Light Invasion of Privacy (Eckart); and (3) a state-law claim for Intimidation under R.C. § 2921.03 (Eckart, Votypka and Chumita).

After the City dismissed the pending administrative charges, Plaintiff filed an Amended and Supplemental Complaint updating his allegations on January 31, 2017. Defendants answered.

On April 21, 2017, the individual Defendants moved for Partial Judgment on the Pleadings, arguing that the Intimidation claim against them cannot be maintained because Plaintiff did not plead that Defendants were charged with or convicted of the state-law crime of Intimidation. (ECF DKT #13).

Plaintiff opposed the Motion for Partial Judgment on the Pleadings and moved for Leave to File a Second Amended Complaint. (ECF DKT #15). Plaintiff sought to add a claim for Civil Liability for Criminal Acts under R.C. § 2307.60.

Defendants opposed the Motion for Leave to Amend on the basis of futility, i.e., Eckart, Votypka, and Chumita have never been charged with, plead guilty to, or been convicted of any criminal offense related to this matter.

On February 16, 2018, the Court granted Plaintiff's Motion for Leave to File a Second Amended Complaint and denied Defendants' Motion for Partial Judgment on the Pleadings as moot.

On June 8, 2017, Plaintiff filed the instant Motion (ECF DKT #20) to Certify,

insisting that whether a conviction is required to maintain a civil claim under R.C. § 2307.60(A)(1) is a question of Ohio law that is vital to Plaintiff's case. Plaintiff presses the Court to certify the following question to the Ohio Supreme Court pursuant to Rule 9.01 of the Ohio Supreme Court Rules of Practice:

> To prevail on a claim under R.C. § 2307.60(A)(1), must a plaintiff prove that the defendant has been convicted of the criminal acts that form the basis for the claim?

Both Plaintiff and Defendants have directed the Court's attention to the relevant state and federal case law on this issue.

## II. LAW AND ANALYSIS

The decision to certify is within the sound discretion of the federal court and is most beneficial when there is a novel question of state law and no guidance from state courts. *Gascho v. Global Fitness Holdings, LLC*, 918 F.Supp.2d 708, 713 (S.D.Ohio 2013). "Submitting uncertain questions of state law to the state's highest court by way of certification acknowledges that court's status as the final arbiter on matters of state law and avoids the potential for 'friction-generating error' which exists whenever a federal court construes a state law in the absence of any direction from the state courts." *Planned Parenthood of Cincinnati Region v. Strickland*, 531 F.3d 406, 410 (6th Cir. 2008), *certified question answered sub nom. Cordray v. Planned Parenthood Cincinnati Region*, 911 N.E.2d 871 (Ohio 2009). "Through certification of novel or unsettled questions of state law for authoritative answers by a State's highest court, a federal court may save 'time, energy, and resources and hel[p] build a cooperative judicial federalism.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 77 (1997) (*quoting Lehman Bros. v. Schein*, 416 U.S. 386, 391

(1974)). "That is not to say, however, that a federal court should certify any question that has not been specifically addressed by the Ohio Supreme Court." *Metz v. Unizan Bank*, 416 F.Supp.2d 568, 574 (N.D.Ohio 2006). The certification "course of action should not be invoked merely because it may be difficult for the court to ascertain what the local law provides." *Id.*

When the question regarding R.C. § 2307.60 is once again properly before the Court for consideration, the Court will carefully review the state and federal case law offered by the parties and will conduct its own research as is necessary.

### III. CONCLUSION

Since the Court finds that there is sufficient guidance in the current state and federal case law to answer the question posed by Plaintiff, the Motion (ECF DKT #20) of Plaintiff, Sean DeCrane, to Certify a Question of Ohio Law to the Ohio Supreme Court is denied.

**IT IS SO ORDERED.**

**DATE: 2/21/2018**

S/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**