IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SEAN DeCRANE, ) | CASE NO. 1:16 CV 2647 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | WILLIAM H. BAUGHMAN, JR. |
| EDWARD ECKART, *et al.*, ) | |
| ) | **ORDER** |
| Defendants. ) | |

## Introduction

Before me by referral[1] in this civil rights action arising under 42 U.S.C. §§ 1983, 1985 by Sean DeCrane against Edward Eckart, *et al.*,[2] as twice amended,[3] is a motion by DeCrane seeking to disqualify the law firm of Zashin & Rich from representing all defendants as well as witness Patrick Kelley due to a purported conflict of interest.[4] That motion has been supplemented to also ask that attorneys with the City of Cleveland department of law be disqualified.[5] The motion, as supplemented, is opposed by all defendants.[6]

---

[1] Consistent with the terms of this referral (non-document dated March 22, 2018) this order constitutes a ruling on the motion referred. Accordingly the previously entered report and recommendation is vacated (ECF # 81).

[2] ECF #1.

[3] ECF ## 7, 46.

[4] ECF # 67.

[5] ECF # 76.

[6] ECF # 77.

An earlier motion by the defendants to disqualify the Chandra Law Firm, LLC, and suppress declarations[7] has also been referred to me.[8] That motion has been opposed by DeCrane,[9] and the defendants have replied to that opposition,[10] to which DeCrane has filed a sur-reply.[11] This motion is the subject of a separate order.

For the reasons that follow, DeCrane's motion to disqualify the law firm of Zashin and Rich, as well as the legal department of the City of Clevelnd, from representing all current defendants and witness Patrick Kelley is denied.

## Facts

The facts relevant to the present motion are neither extensive nor disputed. Essentially, the facts involve an alleged conflict of interest between and among the defendants and Patrick Kelley that DeCrane asserts precludes representation by the same counsel.[12]

---

[7] ECF # 43.

[8] ECF # 51.

[9] ECF # 56.

[10] ECF # 64.

[11] ECF # 74.

[12] ECF # 67 at 1.

The core of the allegation is DeCrane's contention that Kelley originally stated[13] that he agreed to remove DeCrane from his job at the Fire Training Academy if defendant Edward Eckart agreed to stop efforts to out source DeCrane's position.[14] This statement, which DeCrane maintains was part of a retaliation campaign by the City against him, was supposedly contradicted by Eckart, who stated at his deposition that he made no agreement to continue fire training in-house in return for Chief Kelley removing DeCrane from the academy.[15]

In a subsequent declaration, Kelley clarified his earlier statement to state that there was no deal with Eckart to remove DeCrane from the academy, and that any decision to bring an administrative action against DeCrane was solely Kelley's decision, adding that he was unaware of any "scheme" presumably by Eckart to retaliate against DeCrane by filing administrative charges against him.[16]

To date, Kelley has not been added as a defendant, although a motion to do so by means of a third amended complaint remains pending.[17]

---

[13] *Id.*, Ex. 1. As the defendants point out (ECF # 77 at 2, fn. 1), this is an unsigned declaration

[14] ECF # 67, at 2 (citing record).

[15] *Id.* (citing record).

[16] ECF # 77 at 2 (citing record).

[17] ECF # 49. That motion is opposed (ECF # 59) and DeCrane has replied to that opposition (ECF # 65).

**A. Standards of review**

*1. Motions to disqualify*

Circuit Judge Kathleen M. O'Malley, while a District Judge of this Court stated in *Gordon v. Dadante* that the power to disqualify an attorney is an inherent power of the court, rooted in the court's "concern for the integrity of the judiciary and the public's perception thereof."[18] Because the power to disqualify counsel is grounded in this fundamental concern for the court's own integrity, "a district court is obliged to consider unethical conduct by an attorney in connection with any proceeding before it."[19] Thus, a party to litigation pending before the court may properly bring a motion to disqualify counsel,[20] but, because what is being fundamentally protected is the integrity of the court, the court may even disqualify an attorney *sua sponte*.[21]

That said, courts also must be mindful that "the ability to deny one's opponent the services of his chosen counsel is a potent weapon."[22] As Judge O'Malley explained in *Gordon*, these two areas of concern must be simultaneously borne in mind:

---

[18] *Gordon v. Dadante*, No. 1:05 CV 2726, 2009 WL 2732827, at *5 (N.D. Ohio Aug. 26, 2009) (quoting *In re BellSouth Corp.*, 334 F.3d 941, 951 (11th Cir. 2003)).

[19] *Kitchen v. Aristech Chem.*, 769 F. Supp. 254, 256 (S.D. Ohio 1991).

[20] *Id.* (citation omitted).

[21] *Id.* (citation omitted).

[22] *Id.* (citation omitted).

> On the one hand, because a motion to disqualify is often tactically motivated, and can be disruptive to the litigation process, it is a drastic measure that is generally disfavored... At the same time, the paramount concern must be the preservation of public trust in both the scrupulous administration of justice and the integrity of the bar.[23]

> "[d]istrict courts have wide discretion in determining whether an 'actual or potential conflict of interest' warrants disqualification."[24]

In addressing these factors, it is clear that although the court must guard against the misuse of a motion to disqualify as a "technique of harassment,"[25] a court also should not weigh the issues raised by a motion to disqualify with "hairsplitting nicety" but, in the proper exercise of its supervisory power over members of the bar, with a view toward "preventing the appearance of impropriety."[26] Stated differently, even though disqualification is disfavored and a party's right to the counsel it chooses is important, these concerns are "secondary in importance to preserving the integrity of the judicial process, maintaining the public confidence in the legal system, and enforcing the ethical standards of professional

---

[23] *Gordon*, 2009 WL 2732827, at *6

[24] *Id.*, at *5 (quoting *United States v. Mays*, 69 F.3d 116, 121 (6th Cir. 1995)).

[25] *Gould, Inc. v. Mitsui Mining & Smelting Co.*, 738 F. Supp. 1121, 1125 (N.D. Ohio 1990).

[26] *Gordon*, 2009 WL 2732827, at *6 (quoting *Zachair Ltd. v. Driggs*, 965 F. Supp. 741, 750 (D. Md. 1997)).

conduct."[27] Therefore, any doubts as to the existence of an asserted conflict of interest must be resolved in favor of disqualification.[28]

District courts have wide discretion in determining whether an actual or potential conflict of interest exists in pending litigation that warrants disqualification.[29] Accordingly, "[a]n order disqualifying or refusing to disqualify counsel will not be disturbed [on appeal] if the record reveals any sound basis for the district court's action."[30] Nevertheless, if disqualification is before the district court on a motion, the "moving party bears the burden of establishing the need for disqualification."[31]

In addition, as the Sixth Circuit has stated, an evidentiary hearing is not required on all motions to disqualify.[32] Rather, a decision on a motion to disqualify is adequately founded without an evidentiary hearing if the court's factual inquiry into the circumstances of the motion is conducted in a manner that will allow appellate review, such as when such an inquiry is conducted using affidavits and documents that would be acceptable under a

---

[27] *Gordon*, 2009 WL 2732827, at *6 (quoting *Dauro v. Allstate Ins. Co.*, 2003 WL 22225579 (S.D. Miss. Sept. 17, 2003) (citation omitted)).

[28] *Gordon*, 2009 WL 2732827, at *6 (citations omitted).

[29] *Gould*, 738 F. Supp. at 1124.

[30] *Gordon*, 2009 WL 2732827, at *5 (quoting *Trust Corp. of Montana v. Piper Aircraft Corp.*, 701 F.2d 85, 87 (9th Cir. 1983)).

[31]*Gordon*, 2009 WL 2732827, at *5 (quoting *Nilavar v. Mercy Health Sys.*, 143 F. Supp. 2d 909, 912 (S.D. Ohio 2001).

[32] *General Mill Supply Co. v. SCA Servs., Inc.*, 697 F.2d 704, 710 (6th Cir. 1982).

motion for summary judgment and if the district court does not undertake to decide disputed issues of material fact.[33]

## 2. *Attorney conflicts of interest*

As the Supreme Court has stated, the ethical standards governing the professional conduct of attorneys before a federal court are matters of federal law.[34] In that regard, Local Civil Rule 83.7(a) of the United Stated District Court, Northern District of Ohio, provides that attorneys practicing before this Court "are bound by the ethical standards of the Ohio Rules of Professional Conduct adopted by the Supreme Court of the State of Ohio, so far as they are not inconsistent with federal law."[35] In interpreting those rules, this Court is guided first by federal case law, and then by the American Bar Association's comments to its Model Rules of Professional Conduct, and finally by consideration of the policies underlying the rule in question.[36]

---

[33] *Id*.

[34] *Kitchen*, 769 F. Supp. at 258 (citing *In re Snyder*, 472 U.S. 634, 645 n.6 (1985)).

[35] The Local Rules' grounding of its rules for attorney conduct in Ohio's Standards of Professional Conduct is consistent with Sixth Circuit teaching. As was noted in *Shaw v. London Carrier, Inc.*, No. 1:08 CV 401, 2009 WL 4261168, at *3 (W.D. Mich. Nov. 24, 2009), the Sixth Circuit formerly relied on common law principles to decide issues of attorney disqualification but now relies on the applicable state ethics code, which ensures greater uniformity and predictability.

[36] *Kitchen*, 769 F. Supp. at 258 (citation omitted).

Because the present motion to disqualify asserts the existence of a conflict of interest as to current defense counsel and its present clients, this Court must first look to Ohio Rule of Professional Conduct 1.7. That rule states as follows:

(a) A lawyer's acceptance or continuation of representation of a client creates a conflict of interest if either of the following applies:

    (1) the representation of that client will be directly adverse to another current client;

    (2) there is a substantial risk that the lawyer's ability to consider, find, or carry out an appropriate course of action for that client will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by the lawyer's own personal interests.

(b) A lawyer shall not accept or continue the representation of a client if a conflict of interest would be created pursuant to division (a) of this rule, unless all of the following apply:

    (1) the lawyer will be able to provide competent and diligent representation to each affected client;

    (2) each affected client gives informed consent, confirmed in writing;

    (3) the representation is not precluded by division © of this rule.

(c) Even if each affected client consents, the lawyer shall not accept or continue the representation if either of the following applies:

    (1) the representation is prohibited by law;

    (2) the representation would involve the assertion of a claim by one client against another client in the same proceeding.[37]

---

[37] *See*, *Gordon*, 2009 WL 2732827, at *7 (quoting Ohio Rule of Professional Conduct 1.7).

In addition to the text of the rule itself, Ohio's Official Comment 38 to that rule states as follows:

> Division (c)(2) does not address all nonconsentable conflicts. Some conflicts are nonconsentable because a lawyer cannot represent both clients competently and diligently or both clients cannot give informed consent.[38]

As noted, the interpretation and application of this rule is a matter of federal law. In this District, it requires the court to first consult federal case law as a guide. In that respect, Judge O'Malley, in the analogous case of *Gordon*, stated that, in applying this rule, case law in this District provides that "courts should disqualify an attorney when it is not 'obvious to the court' that 'concurrent representation does not compromise the attorney's capability to fully represent each party's interest.'"[39]

## Analysis

DeCrane grounds the motion to disqualify on the argued "substantial risk" that the current defense lawyers will be "materially limited" by a conflict in how they represent Eckart and Kelley. Here, any perceived or alleged conflict is resolvable without the need for a hearing, but on the record itself.

Both sides concur that Kelley has clarified that he never agreed with Eckart to remove DeCrane from the training academy in return for Eckart dropping plans to out source training to Tri-C. This alone removes the alleged threat of Eckart and Kelley contesting perjury

---

[38] *Id.*

[39] *Id.* (quoting *Coaker v. Geon Co.*, 890 F. Supp. 693, 695 (N.D. Ohio 1995) (citing the Ohio Disciplinary Code of Professional Responsibility § 5-105)).

charges against each other.[40] Moreover, Kelley's second declaration makes clear that although he and Eckart discussed Eckart's request to assign DeCrane to another position for the 2014 term, that request "mirrored my [Kelley's] intentions" due to the negative nature of an incident that took place at a training academy graduation party.[41]

Moreover, as the current defense counsel points out, because there are no pending claims against Kelley, there is nothing for him to settle, and so no conflict in settlement positions, as was alleged in the motion.

Finally, as District Judge Pearson observed in *Klingman v. DeChristofaro*, concurrent representation of parties whose interests may diverge in the future is permissible where that potential divergence is known to the parties and they, together with the Court, remain vigilant in monitoring that situation.[42] In this case, all defendants and Kelley have made knowing written waivers of any possible conflict of interest.[43] Inasmuch as the current representation is not prohibited by law and as of now does not involve the likely assertion of a claim by one client against another, these waivers are appropriate and valid.[44]

---

[40] In addition, under Ohio law perjury is purely a criminal offense and may not form the basis of a civil action. See, *Anderson v. Smith*, 196 Ohio App. 3d 540, 545 (10th Dist. 2011).

[41] ECF # 77 at 5 (citing record).

[42] *Klingeman v. DeChristofaro,* No. 4:09 CV 528, 2011 WL 4699819, at * 5 (N.D. Ohio Oct. 6, 2011)(citation omitted).

[43] See, ECF # 77, Ex. 7 at ¶ 13; Ex. 8 at ¶ 11; Ex. 9 at ¶ 11; Ex. 10 at ¶ 11; Ex. 11 at ¶ 11.

[44] See, Ohio Rule of Professional Conduct 1.7 (b)(c).

## Conclusion

For the foregoing reasons, DeCrane's motion to disqualify is denied.


Dated: April 27, 2018                               s/ William H. Baughman, Jr.
                                                   United States Magistrate Judge