**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SEAN DeCRANE, | ) | CASE NO. 1:16CV2647 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| EDWARD ECKART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #49) of Plaintiff Sean DeCrane for Leave to File Third Amended Complaint. For the following reasons, the Motion is denied.

**I. BACKGROUND**

Plaintiff is a retired City of Cleveland Division of Fire Battalion Chief. He alleges that Assistant Safety Director Edward Eckart, along with James Votypka and Christopher Chumita, repeatedly retaliated against him based on the mistaken belief that Plaintiff disclosed to a reporter that a previous fire chief lacked the required continuing education to

maintain his professional certification. Allegedly, the retaliation included: repeated failures to promote him; seizing the Fire Training Academy's records while Plaintiff served as Director of Training; making false allegations against him about deficient record-keeping; trying to have him criminally prosecuted; concocting false administrative charges against him; delaying a state audit that would have cleared him; relaying false information to the media; ignoring his emails and refusing to meet with him; trying to outsource training activities; and trying to damage his reputation and career.

On October 31, 2016, Plaintiff filed a Complaint against the City, Eckart, Votypka and Chumita for: (1) First and Fourteenth Amendment Retaliation under § 1983; (2) False Light Invasion of Privacy (Eckart); and (3) a state-law claim for Intimidation under R.C. § 2921.03 (Eckart, Votypka and Chumita).

After the City dismissed the pending administrative charges, Plaintiff filed an Amended and Supplemental Complaint updating his allegations on January 31, 2017. Defendants answered.

On April 21, 2017, the individual Defendants moved for Partial Judgment on the Pleadings, arguing that the Intimidation claim against them could not be maintained because Plaintiff did not plead that Defendants were charged with or convicted of the state-law crime of Intimidation. (ECF DKT #13).

Plaintiff opposed the Motion for Partial Judgment on the Pleadings and moved, on May 18, 2017, for Leave to File a Second Amended Complaint adding a claim for Civil Liability for Criminal Acts under R.C. § 2307.60. (ECF DKT #15). The Court granted leave and Plaintiff filed his Second Amended Complaint on February 16, 2018.

Six days later, Plaintiff filed the instant Motion (ECF DKT #49) for Leave to File Third Amended Complaint. Plaintiff seeks to add a Fifth Claim for Unconstitutional Prior Restraint on Speech and a Sixth Claim for Unconstitutional Content-Based Restriction on Speech.

Plaintiff challenges two current City of Cleveland written policies which allegedly restrict free speech on matters of public concern by Division of Fire employees. He asserts: "By purporting to prohibit City employees from speaking to the press, or sharing anything harmful with him, or information that their superiors (like the Defendants here) might deem inappropriate or offensive they chill potential witnesses still employed by the City against providing fulsome testimony." (Plaintiff's Motion, ECF DKT #49 at 3). Plaintiff further contends: "By purporting to prohibit the City firefighters with whom he served to share information about the Division of Fire, the Speech Policies also continue to harm DeCrane's right to receive speech from willing speakers in his capacities as a prominent international expert, speaker, and consultant on fire safety, a former comrade, and a concerned citizen." (*Id*.).

Defendants strenuously oppose another amendment, arguing that the Motion is tardy and baseless. Defendants insist that Plaintiff lacks standing; that his request is an attempt to circumvent the Court's case scheduling deadlines; and that Plaintiff, having been aware of the alleged unlawful policies for years, presents no legitimate reason for waiting until the close of discovery and the eve of dispositive motions to move to file a fourth Complaint.

## II. LAW AND ANALYSIS

**Motion to Amend**

Fed.R.Civ.P. 15(a)(2) reads in part: "The court should freely give leave [to amend] when justice so requires." However, this liberal amendment policy is not without limits. The Sixth Circuit has observed: "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir.2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)).

Delay, ***by itself***, "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 800 (6th Cir.2002). (Emphasis added). In addition, when discovery is in the early stages, any prejudice from entertaining an amended pleading is minimal. Addressing the contention that an amendment might necessitate another dispositive motion, the Sixth Circuit also noted that "another round of motion practice ... does not rise to the level of prejudice that would warrant denial of leave to amend." *Morse*, 290 F.3d at 801.

"In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir.1994).

**Standing**

Article III standing for constitutional challenges necessitates its own discrete analysis. The Constitution limits federal court jurisdiction to actual "cases" or "controversies."

U.S.Const., art. III, § 2, cl. 1. Standing to sue is one aspect of the case-or-controversy requirement. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997).

Defendants insist that Plaintiff lacks standing to challenge the constitutionality of the City's media and speech policies because he is no longer employed by the City. Plaintiff counters that his standing arises from his right to *receive* speech from individuals to whom the policies apply.

"It is now well established that the Constitution protects the right to receive information and ideas." *Stanley v. Georgia*, 394 U.S. 557, 564 (1969). In *Virginia State Board of Pharmacy v. Virginia Citizens Consumers Council, Inc*., 425 U.S. 748, 96 S.Ct.1817, 1823 (1976), Justice Blackmun wrote: "Freedom of speech presupposes a willing speaker. But where a speaker exists, as is the case here, the protection afforded is to the communication, to its source and to its recipients both."

Therefore, the Court holds that Plaintiff has demonstrated that he has standing to challenge the City's speech policies. However, Plaintiff is on notice that the burden rests upon him at all times to establish that the federal court possesses subject matter jurisdiction over the case or controversy and to show that his injury is concrete, particularized, actual or imminent. *See e.g., Thomson v. Gaiskill*, 315 U.S. 442 (1942).

**Delay**

The within lawsuit was instituted on October 31, 2016. The Complaint was amended for the first time on January 31, 2017. Most recently, the Court allowed a Second Amended Complaint to be filed on February 16, 2018. In none of these iterations of his Complaint did Plaintiff assert First Amendment challenges to the City's written policies.

The speech policies in question were promulgated by the City in 2009 and 2013 while Plaintiff was employed by the Cleveland Division of Fire. Defendants provided Plaintiff with copies of the policies in March of 2017 and November of 2017. On August 16, 2017, Plaintiff served a 30(b)(6) notice of deposition, asking for testimony on policies and procedures from 2013 to 2016 regarding "retaliation against City employees for exercising their First Amendment right to speak on matters of public concern." (ECF DKT #59, Ex. 1). Fact discovery closed in this case on December 15, 2017. Despite knowledge of the speech policies, Plaintiff did not seek leave to amend and add the constitutional challenges until the "eleventh hour."

The Court finds that Plaintiff's delay is unjustified and unreasonable.

**Prejudice**

Defendants contend that they will be prejudiced by an amendment at this juncture with discovery closed and dispositive motion practice looming. Plaintiff counters that his proposed claims require no discovery because he challenges the speech policies facially and as a matter of law.

It is not Plaintiff's place to say that Defendants need no additional discovery on his proposed claims. Indeed, it runs contrary to Plaintiff's position that he seeks to assert the First Amendment rights of third parties and that his rights rely on willing speakers. Defendants necessarily must identify those third parties and those allegedly willing speakers. Due diligence obligates Defendants to depose Plaintiff and those individuals and Defendants may need to prepare their own witnesses for potential re-opened discovery on the new claims.

## III. CONCLUSION

Delay, alone, may not be enough to defeat a request to amend. However, unjustifiable delay and undue prejudice combine to persuade the Court that Plaintiff is not entitled to amend his Complaint for a third time.

Therefore, the Motion (ECF DKT #49) of Plaintiff Sean DeCrane for Leave to File a Third Amended Complaint is denied.

**IT IS SO ORDERED.**

                                             **s/ Christopher A. Boyko**
                                             **CHRISTOPHER A. BOYKO**
                                             **United States District Judge**

**Dated: July 10, 2018**