**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SEAN DECRANE, | ) | CASE NO. 1:16CV2647 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| EDWARD J. ECKART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Plaintiff Sean DeCrane's Objections (ECF DKT #90) to Magistrate Judge's Order to Disclose Attorney Work-Product Recordings to Defense Counsel. For the following reasons, the Discovery Order (ECF DKT #87) is upheld.

**I. BACKGROUND**

As part of the preparation of Plaintiff's case, Plaintiff's counsel elected to conduct witness interviews with current and former City of Cleveland employees. Plaintiff's counsel directed a Summer Law Clerk, Brian Bardwell, to conduct the interviews and record them with the interviewee's permission. In June of 2017, the witness interviews were cleared through Thomas Hanculak, counsel for the International Association of Fire Fighters Local

93, and William Menzalora, Chief Assistant Law Director. On September 13, 2017, Plaintiff produced six signed declarations of current and former fire fighters. Defendants deposed two of the witnesses and obtained a declaration from a third, former Chief Patrick Kelly.

On February 7, 2018, defense counsel warned Plaintiff's counsel that Defendants would be seeking their disqualification, charging in part that Bardwell did not instruct interviewee Kelly that he should not disclose privileged communications with City attorneys.

Faced with the threatened motion for disqualification, Attorney Subodh Chandra granted an interview with cleveland.com reporter Robert Higgs and played a few selected excerpts/snippets of Bardwell's interview recordings. (Chandra Declaration, ECF DKT 62-4). These excerpts reflected that Bardwell informed witnesses that he was a law student, that he was unable to give legal advice and that the witnesses should not share with him any conversations between the witnesses and the City's attorneys.

On February 27, 2018, Defendant City of Cleveland filed a Motion to Compel and for Sanctions under Civil Rule 37. (ECF DkT #52). Defendant argues that Plaintiff has deliberately withheld audio recordings that are relevant to the claims in this case and that are responsive to several of the City's discovery requests. The recordings are verbatim recorded statements that Plaintiff's counsel procured from current and former City employees. Defendants assert that they only became aware of the existence of these recordings after Plaintiff's counsel played a portion of their contents for a reporter at cleveland.com in connection with a published news story on this litigation.

Plaintiff objects and contends that the recordings are protected as the work product of Plaintiff's counsel. Pursuant to Fed.R.Civ.P. 26(b)(3)(B), work product includes materials

reflecting "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Plaintiff further argues that the recordings are more than verbatim witness statements because they reveal "Chandra Law's mental impressions from the questions asked, comments made, follow-ups, and reactions." (ECF DKT #90 at 7). While recording, Bardwell annotated the recordings in order to highlight the important portions and to avoid having to play back the entire interview. Specifically, Bardwell states in his Declaration: "When the interview subject says something that I find particularly important, I make an audible notation that allows me to quickly locate it when reviewing the file in waveform." (ECF DKT #62-6 at 8).

Defendant City of Cleveland emphasizes that there is no available substantial equivalent to these recordings. Two of the witnesses largely cannot remember what they had discussed with Bardwell. Discovery has closed; thus, Defendants are unable to compel ex-employees to be deposed and current employees' interviews would not be usable in support of summary judgment.

Defendant City points out that its disclosure request is narrowly-tailored:

Defendants seek only the recordings themselves, which contain the verbatim witness statements of fact witnesses. Defendants do not seek any accompanying notes or annotations made by Plaintiff's counsel. (ECF DKT #52 at 2).

Moreover, the City proposes that the "flagged" annotations could be redacted or the recordings could be transcribed without the notations.

Defendant City argues that Plaintiff never identified the recordings and annotations in a privilege log. Further, Plaintiff has acted inconsistently with work-product privilege by publicly revealing a portion of the content of the recordings by playing them in an interview

-3-

with a cleveland.com reporter.

On April 27, 2018, the Magistrate Judge ordered Plaintiff to disclose the recordings within fourteen days, under the terms of the parties' Stipulated Protective Order and preserving arguments as to admissibility. (ECF DKT #87). Plaintiff has filed timely Objections. (ECF DKT #90).

## II. LAW AND ANALYSIS

**Appeal of Non-Dispositive Matters**

> Local Rule 72.3 recites:
>
> Any party may appeal from a Magistrate Judge's order determining a motion or matter made pursuant to Fed. R. Civ. P. 72(a) within fourteen (14) days after service of the Magistrate Judge's order. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, a written statement of appeal which shall specifically designate the order, or part thereof, appealed from and the basis for any objection thereto. The District Judge to whom the case was assigned shall consider the appeal and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. The District Judge may also consider *sua sponte* any matter determined by a Magistrate Judge under this Rule.

**Work-Product Privilege**

"[T]he work product doctrine 'is distinct from and broader than the attorney-client privilege.'" *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986). "While the attorney-client privilege protects only confidential communications, the work product doctrine generally protects from disclosure documents prepared by or for an attorney in anticipation of litigation." *Reg'l Airport Auth. v. LFG, LLC*, 460 F.3d 697, 713 (6th Cir. 2006) (citing *In re Antitrust Grand Jury*, 805 F.2d at 163; *Hickman v. Taylor*, 329 U.S. 495, 510-12 (1947)). The burden is on the party claiming protection to show that anticipated

-4-

litigation was the "driving force" behind the preparation of each requested document. *In re Prof'ls Direct Ins. Co.*, 578 F.3d 432, 439 (6th Cir. 2009).

Work-product protection may be waived by voluntary disclosure of private communications to third parties. *New Phoenix Sunrise Corp. v. C.I.R.*, 2010 WL 4807077 at *8 (6th Cir. Nov.18, 2010). In this regard, the Sixth Circuit emphasized in *In re Columbia/HCA Healthcare Corp. v. Billing Practices Litigation*, 293 F.3d 289, 294 (6th Cir. 2002):

> So-called "fact" work product, the "written or oral information transmitted to the attorney and recorded as conveyed by the client," may be obtained upon a showing of substantial need and inability to otherwise obtain without material hardship. However, absent waiver, a party may not obtain the "opinion" work product of his adversary; i.e., "any material reflecting the attorney's mental impressions, opinions, conclusions, judgments, or legal theories." (Internal citations omitted).

The Court finds that the Magistrate Judge had before him the parties' lengthy briefs, numerous exhibits, citations to relevant case law and clearly-articulated arguments. Although the Magistrate Judge's Order is brief, the Court does not agree with Plaintiff that the Magistrate Judge failed to address the merits of the dispute.

### III. CONCLUSION

Considering Plaintiff's Objections and applying the above legal principles under the authority of Local Rule 72.3, the Court finds that the Magistrate Judge's Order was not clearly erroneous nor contrary to law.

Plaintiff shall turn over the audio recordings made of the interviews of the City's current and former employees on or before February 5, 2019. The Court finds that a sanctions award is not justified.

Defendant City of Cleveland has made the commitment on the record before the Court that it does not and will not seek any notes, annotations or recorded mental impressions of Plaintiff's counsel. To that end, Plaintiff's counsel may delete or redact Brian Bardwell's annotations on the recordings prior to disclosure.

The Court reminds all counsel and parties of their obligation to act cooperatively and to conduct this litigation in a temperate, dignified and responsible manner.

**IT IS SO ORDERED.**

                                        **s/ Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

**Dated: January 23, 2019**