UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN DECRANE, | ) | CASE NO. 1:16CV2647 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| EDWARD J. ECKART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Defendants' Motion (ECF DKT #43) to Disqualify the Chandra Law Firm LLC and to Suppress the Declarations the Firm Improperly Obtained. The Motion was referred to the Magistrate Judge for disposition. The Magistrate Judge denied the Motion to Disqualify and to Suppress without prejudice. (ECF DKT #85). Defendants filed timely Objections to the Magistrate Judge's Order. (ECF DKT #95).

Upon consideration of the objections, briefs and applicable law, the Court finds that an evidentiary hearing is necessary.

# I. BACKGROUND

Plaintiff is a retired City of Cleveland Division of Fire Battalion Chief. He alleges that Assistant Safety Director Edward Eckart, along with James Votypka and Christopher Chumita, repeatedly retaliated against him based on the mistaken belief that Plaintiff disclosed to a reporter that a previous fire chief lacked the required continuing education to maintain his professional certification. Alleged acts of retaliation by Defendants include: repeated failures to promote Plaintiff; seizing the Fire Training Academy's records while Plaintiff served as Director of Training; making false allegations against Plaintiff about deficient record-keeping; trying to have Plaintiff criminally prosecuted; concocting false administrative charges against Plaintiff; delaying a state audit that would have cleared Plaintiff; ***failing to fully or timely respond to Plaintiff's public records request***; relaying false information to the media; ignoring Plaintiff's emails and refusing to meet with him; trying to outsource training activities; and trying to damage Plaintiff's reputation and career.

As part of the preparation of Plaintiff's case, Plaintiff's counsel, Chandra Law Firm LLC, elected to conduct witness interviews with current and former City of Cleveland employees. Plaintiff's counsel directed a Summer Law Clerk, Brian Bardwell, to conduct the interviews and record them with the interviewee's permission. On September 13, 2017, Plaintiff produced six signed declarations of current and former fire fighters who had been interviewed.

In a separate Order, the Court required Plaintiff to turn over the audio recordings made of the interviews of the City's current and former employees on or before February 5, 2019, but allowed Plaintiff's counsel to delete or redact Brian Bardwell's annotations on the

recordings prior to disclosure. (ECF DKT #106).

In their Motion to Disqualify, Defendants charge that the Chandra Law Firm violated the Ohio Rules of Professional Conduct by its improper contacts with current and former City employees. In addition, Law Clerk Bardwell, now employed with the Chandra Law Firm, previously interned with the City Department of Law - Public Records Section; and thus, was privy to the City of Cleveland's confidential information, attorney-client communications and attorney work-product.

## II. LAW AND ANALYSIS

**Standard of Review**

**Appeal of Non-Dispositive Matters**

> Local Rule 72.3 recites:
>
> Any party may appeal from a Magistrate Judge's order determining a motion or matter made pursuant to Fed. R. Civ. P. 72(a) within fourteen (14) days after service of the Magistrate Judge's order. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, a written statement of appeal which shall specifically designate the order, or part thereof, appealed from and the basis for any objection thereto. The District Judge to whom the case was assigned shall consider the appeal and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. The District Judge may also consider *sua sponte* any matter determined by a Magistrate Judge under this Rule.

**Disqualification of counsel**

The ethical standards prescribed by the Ohio Rules of Professional Conduct govern all attorneys practicing before this Court. "Attorneys admitted to practice in this Court shall be bound by the ethical standards of the Code of Professional Responsibility adopted by the Supreme Court of the State of Ohio, so far as they are not inconsistent with federal law." Local Rule 83.7(a), U.S. District Court, Northern District of Ohio; *see also* Local Rule

83.5(b) & (f), U.S. District Court, Northern District of Ohio.

Disqualification is one remedy the Court may employ in order to ensure the ethical practice of law. "The Court retains inherent authority to police the ethical conduct of the lawyers who appear before it and to uphold the ethical norms embodied in the Code of Professional Conduct." *United States v. Miller*, 624 F.2d 1198, 1201 (3rd Cir.1980). When considering whether to disqualify counsel "courts must be sensitive to the competing public interests of requiring professional conduct by an attorney and of permitting a party to retain the counsel of his choice." *Hamrick v. Union Twp., Ohio,* 81 F.Supp. 2d 876, 878 (S.D. Ohio 2000).

Because "disqualification is a drastic measure ... a violation of the Code of Professional Responsibility alone should not result in a disqualification, unless disqualification is found to be absolutely necessary." *Centimark Corp. v. Brown Sprinkler Serv., Inc.,* 85 Ohio App.3d 485, 488-489 (11th Dist.1993); accord *Cliffs Sales Co. v. Am. S.S. Co.,* No. 1:07-CV-485, 2007 WL 2907323, at *2 (N.D.Ohio Oct.4, 2007) ("a violation of the rules of professional responsibility does not automatically necessitate disqualification of an attorney"). Disqualification is appropriate, "only when there is a 'reasonable possibility that some specifically identifiable impropriety' actually occurred and, in light of the interest underlying the standards of ethics, the social need for ethical practice outweighs the party's right to counsel of his own choice." *Kitchen v. Aristech Chemical,* 769 F.Supp. 254, 257 (S.D. Ohio 1991).

"Motions to disqualify are viewed with disfavor and disqualification is considered a drastic measure which courts should hesitate to impose except when absolutely necessary."

*Valley–Vulcan Mold Co. v. Ampco–Pittsburgh Corp.*, 237 B.R. 322, 337 (6th Cir. BAP 1999), aff'd 5 F.App'x. 396 (6th Cir.2001).

**Non-attorney employees**

In situations involving non-attorney employees, the party moving for disqualification must present evidence that the former employee was exposed to confidential information in the relevant case. *Green v. Toledo Hospital*, 94 Ohio St.3d 480, 484 (2002). Then, the court must hold an evidentiary hearing in which the movant has the burden of proving that the non-attorney has been exposed to relevant confidential matters. *Id.* If that showing is made, a presumption arises that the confidential information has been disclosed to the current employer. *Id*. The presumption may be rebutted if the challenged law firm has adequate screening procedures which were implemented in this case. *Id*.

> In *Green, id.*, the proper analysis is outlined for the Court as follows:
>
> (1) Is there a substantial relationship between the matter at issue and the matter of the nonattorney employee's former firm's representation?
>
> (2) Did the moving party present credible evidence that the nonattorney employee was exposed to confidential information in his or her former employment relating to the matter at issue?
>
> (3) If such evidence was presented, did the challenged attorney rebut the resulting presumption of disclosure with evidence either that (a) the employee had no contact with or knowledge of the related matter or (b) the new law firm erected and followed adequate and timely screens to rebut the evidence presented in prong (2) so as to avoid disqualification?

Defendants provide the Declaration of Kimberly Roberson, the Public Records Administrator for the City of Cleveland. (ECF DKT #64-14). She states that Brian Bardwell interned in the City's Public Records Section of the Department of Law during the summer of 2016. Bardwell was assigned to review 2015 public records requests and determine whether

requests were open or closed and the response status. (*Id*. at ¶ 4). Bardwell was given access to the City's Public Records Log which includes attorney opinions and communications regarding the request status and whether the City is obligated to respond. During his internship tenure, Bardwell was "privy to confidential information, including, but not limited to, how long it typically takes the City to respond to public records requests, the Department of Law's involvement with the requests, and the manner in which the City processes requests." (*Id*. at ¶ 9). In addition, at the time Bardwell interned for the City, Plaintiff's 2015 public records request was open and included on the Log Bardwell accessed and reviewed. (*Id*. at ¶ 8).

Defendant City of Cleveland took measures to protect its confidential and privileged information and required Bardwell to execute a Confidentiality Agreement. (ECF DKT #43-1, Exhibit 12).

Defendants add that on August 19, 2016, Bardwell drafted a legal memorandum for the City regarding the timeliness of public records responses. (Redacted copy attached as Exhibit 2 to ECF DKT #95). Defendants point out that Plaintiff alleges, in part, that Defendants retaliated against him for engaging in protected conduct by "failing to fully or timely respond to a public-records request for records that tend to support [his] assertions." (Second Amended Complaint, ECF DKT #46 at
¶ 376n.).

Plaintiff provides the Declaration of Brian Bardwell. (ECF DKT#62-6). Bardwell states that he was a volunteer for the City of Cleveland Department of Law in the Division of Public Records from July 5, 2016 through August 19, 2016. He states that he was assigned to

review records requests from 2014 and earlier. (*Id*. at ¶ 9). The City granted him access to the database without ever suggesting it was confidential. Although the database includes a field labeled "notes" or "comments," he "can recall no instances in which the database contained anyone's opinion about a request or an assessment of 'whether the City is legally obligated to respond to particular requests.'" (*Id*. at ¶ 10e). He signed a confidentiality agreement, but it included no suggestion that the database was confidential. (*Id*. at ¶ 12). In ¶ 3 of his Declaration, Bardwell states:

> I heard and learned absolutely nothing about or substantially related to the *DeCrane* matter in the 45 days I was a 2016 Cleveland summer law clerk, including DeCrane's public-records request. Accordingly, I did not personally and substantially participate in the matter. I have disclosed absolutely no confidential information about the matter. I have absolutely no confidential information about the matter that I could disclose."

### III. CONCLUSION

Applying the analysis dictated by the Ohio Supreme Court in *Green* and in view of the evidence presented and the disputes of material fact, the Court finds that an evidentiary hearing is required before ruling on Defendants' Motion to Disqualify the Chandra Law Firm LLC.

The above-captioned matter is set for an evidentiary hearing on February 22, 2019 at 3:00 p.m. The Court expects to take testimony from Brian Bardwell and from Kimberly Roberson and/or a City employee with knowledge of the actual duties and responsibilities Bardwell had as a Summer 2016 intern, with emphasis on particularized involvement or participation in confidential matters substantially related to the case at hand.

Additionally, because the Court previously ordered the recordings of Bardwell's interviews disclosed to Defendants, because the interview subjects' declarations are evidence

in the pending summary judgment briefing and because the outcome of the disqualification of Plaintiff's counsel is yet to be determined, it would not be appropriate to decide Defendants' Motion (ECF DKT #61) for Summary Judgment on the merits.  Therefore, Defendants' Motion for Summary Judgment (ECF DKT #61) is denied as moot subject to re-filing upon resolution of the above issues.

    **IT IS SO ORDERED.**

                                  **s/ Christopher A. Boyko**
                                  **CHRISTOPHER A. BOYKO**
                                  **United States District Judge**

**Dated:  January 28, 2019**