**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SEAN DECRANE, | ) | CASE NO. 1:16CV2647 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| EDWARD J. ECKART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Plaintiff Sean DeCrane's Objection (ECF DKT #96) to the Magistrate Judge's Order Denying his Motion to Disqualify the Zashin & Rich Law Firm and Cleveland Law Department Lawyers. For the following reasons, the Order (ECF DKT #84) denying disqualification of Defendants' counsel is upheld.

**I. BACKGROUND**

Plaintiff is a retired City of Cleveland Division of Fire Battalion Chief. He alleges that Assistant Safety Director Edward Eckart, along with James Votypka and Christopher Chumita, repeatedly retaliated against him based on the mistaken belief that Plaintiff disclosed to a reporter that a previous fire chief lacked the required continuing education to

maintain his professional certification. According to Plaintiff's allegations, Eckart conducted his retaliatory campaign against Plaintiff, in part, through former Chief Patrick Kelly.

Plaintiff was the head of the City of Cleveland's Fire Training Academy; but Eckart threatened to outsource fire training to Tri-C. Kelly testified, however, that "Eckart agreed to continue operating the Fire Training Academy in-house, but only if [Kelly] removed [DeCrane] from his position as the head of the academy." (First Declaration of Patrick Kelly, ECF DKT #96, Exhibit 1).

At his deposition, Eckart denied that there was such an agreement between himself and Kelly; and if Kelly testified as such, he would be lying. (Eckart Deposition, ECF DKT 96, Exhibit 2).

Kelly executed a second clarifying declaration after refreshing his recollection and altered his testimony about removing Plaintiff from his position at the Fire Training Academy.

Plaintiff's counsel informed Kelly that Plaintiff was contemplating state court litigation against Kelly "based on his perjurious statements" and advised him to retain counsel. Plaintiff also suggested that a Third Amended Complaint may contain allegations and claims against Kelly. Defendants' lead counsel, Jon Dileno, announced that his firm would be representing Kelly.

Plaintiff filed a Motion (ECF DKT #67) to Disqualify Zashin & Rich based upon what Plaintiff describes as serious and unavoidable conflicts created by that firm's representation of both Eckart and Kelly.

The Motion was referred to the Magistrate Judge for disposition. The Motion was

supplemented to also seek the disqualification of the City of Cleveland Law Department. On April 27, 2018, the Magistrate Judge denied Plaintiff's Motion to Disqualify.

The Magistrate Judge considered Kelly's Second Declaration reciting that there was no deal with Eckart to remove Plaintiff from the Academy and that he was unaware of any "scheme" to retaliate against Plaintiff by filing administrative charges against him. The Magistrate Judge notes that no state court action, civil or criminal, has been brought against Kelly to date. Further, Kelly has not been added by Plaintiff as a Defendant in the captioned case; so, no cross-claims between Defendants Eckart and Kelly can be anticipated. Lastly, both Kelly and Eckart have executed written informed consents to be represented by Zashin & Rich, knowingly swearing that their interests are aligned as to Plaintiff's claims in this lawsuit and waiving any conflict of interest.
(ECF DKT #77-7 & #77-9).

## II. LAW AND ANALYSIS

**Standard of Review**

**Appeal of Non-Dispositive Matters**

Local Rule 72.3 recites:

Any party may appeal from a Magistrate Judge's order determining a motion or matter made pursuant to Fed. R. Civ. P. 72(a) within fourteen (14) days after service of the Magistrate Judge's order. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, a written statement of appeal which shall specifically designate the order, or part thereof, appealed from and the basis for any objection thereto. The District Judge to whom the case was assigned shall consider the appeal and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. The District Judge may also consider *sua sponte* any matter determined by a Magistrate Judge under this Rule.

A Magistrate Judge's finding is clearly erroneous when the District Judge, upon

review of the evidence, is left with the "definite and firm conviction that a mistake has been committed." *See JGR, Inc. v. Thomasville Furniture Indus., Inc.*, Case No. 1:96-CV-1780, 2006 WL 456479, at *1 (N.D. Ohio Feb. 24, 2006) (quoting *Heights Cmty. Congress v. Hilltop Reality, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985)).

When determining whether a Magistrate Judge's decision is contrary to law, the District Court applies an abuse of discretion standard. *JGR, Inc.*, 2006 WL 456479, at *1.

**Disqualification of counsel**

The ethical standards prescribed by the Ohio Rules of Professional Conduct govern all attorneys practicing before this Court. "Attorneys admitted to practice in this Court shall be bound by the ethical standards of the Code of Professional Responsibility adopted by the Supreme Court of the State of Ohio, so far as they are not inconsistent with federal law." Local Rule 83.7(a), U.S. District Court, Northern District of Ohio; *see also* Local Rule 83.5(b) & (f), U.S. District Court, Northern District of Ohio.

Disqualification is one remedy the Court may employ in order to ensure the ethical practice of law. "The Court retains inherent authority to police the ethical conduct of the lawyers who appear before it and to uphold the ethical norms embodied in the Code of Professional Conduct." *United States v. Miller*, 624 F.2d 1198, 1201 (3rd Cir.1980). When considering whether to disqualify counsel "courts must be sensitive to the competing public interests of requiring professional conduct by an attorney and of permitting a party to retain the counsel of his choice." *Hamrick v. Union Twp., Ohio,* 81 F.Supp. 2d 876, 878 (S.D. Ohio 2000).

Because "disqualification is a drastic measure ... a violation of the Code of

Professional Responsibility alone should not result in a disqualification, unless disqualification is found to be absolutely necessary." *Centimark Corp. v. Brown Sprinkler Serv., Inc.,* 85 Ohio App.3d 485, 488-489 (11th Dist.1993); accord *Cliffs Sales Co. v. Am. S.S. Co.,* No. 1:07-CV-485, 2007 WL 2907323, at *2 (N.D.Ohio Oct.4, 2007) ("a violation of the rules of professional responsibility does not automatically necessitate disqualification of an attorney"). Disqualification is appropriate, "only when there is a 'reasonable possibility that some specifically identifiable impropriety' actually occurred and, in light of the interest underlying the standards of ethics, the social need for ethical practice outweighs the party's right to counsel of his own choice." *Kitchen v. Aristech Chemical,* 769 F.Supp. 254, 257 (S.D. Ohio 1991).

"Motions to disqualify are viewed with disfavor and disqualification is considered a drastic measure which courts should hesitate to impose except when absolutely necessary." *Valley–Vulcan Mold Co. v. Ampco–Pittsburgh Corp.*, 237 B.R. 322, 337 (6th Cir. BAP 1999), aff'd 5 F.App'x. 396 (6th Cir.2001).

The Court is not firmly convinced that any mistake has been committed by the Magistrate Judge in denying disqualification of defense counsel. Moreover, the Magistrate Judge did not abuse his discretion.

In view of former Chief Kelly's second declaration, the absence of any state court civil or criminal action and the sworn consents from Eckart and Kelly to joint representation, the Court does not find any 'reasonable possibility that some specifically identifiable impropriety' actually has occurred or will.

The Court, all counsel and the parties shall remain vigilant in monitoring the

possibility of a disqualifying conflict of interest occurring through the culmination of this litigation. *See Gordon v. Norman*, 788 F.2d 1194, 1198 (6th Cir. 1986).

### III. CONCLUSION

Considering Plaintiff's Objections and applying the above legal principles under the authority of Local Rule 72.3, the Court finds that the Magistrate Judge's Order was not clearly erroneous nor contrary to law. Therefore, the Magistrate Judge's Order (ECF DKT #84) denying disqualification of Defendants' counsel, the Zashin & Rich Law Firm and the City of Cleveland Department of Law, is upheld.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: January 28, 2019**